UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00446-TBR

TAMMY GATLIN                                                                                    Plaintiff

v.

SHOE SHOW, INC.                                                                              Defendant

**MEMORANDUM OPINION**

This case arises out of Plaintiff Tammy Gatlin's employment with Defendant Shoe Show, Inc. (Shoe Show). Gatlin originally filed this action in Jefferson Circuit Court on May 27, 2014, alleging negligent retention of another Shoe Show employee, Savanna Pool, who allegedly assaulted Gatlin at work. (*See* Docket No. 1-1.) Shoe Show timely removed this action on the basis of diversity. (Docket No. 1.)

Presently pending before the Court are Gatlin's Motion to Remand, (Docket No. 6), and Shoe Show's Motion to Dismiss, (Docket No. 5). Gatlin has not responded to Shoe Show's Motion to Dismiss, and the time to do so now has passed. As such, Shoe Show's Motion now is ripe for adjudication. Shoe Show has yet to respond to Gatlin's Motion to Remand, and the time to do so has not passed; however, the Court need not await Shoe Show's response to address the issues raised by Gatlin's Motion to Remand.

For the reasons that follow, the Court will DENY Gatlin's Motion to Remand and GRANT Shoe Show's Motion to Dismiss.

DISCUSSION

The Court will begin by resolving the issue of subject-matter jurisdiction presented by Gatlin's Motion to Remand before turning to whether this action should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

I.      **Gatlin's Motion to Remand (Docket No. 6)**

There appears to be no dispute that the parties are diverse. Gatlin is a Kentucky resident, and Show Show is a North Carolina corporation with its principal place of business in Concord, North Carolina. (Docket Nos. 1, at 2-3; 1-1, at 3.) However, in her instant Motion to Remand, Gatlin states that her claims do not exceed the $75,000 amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. In support of her Motion, Gatlin attaches her Affidavit in which she states, in pertinent part:

> 3.      I understand that the value of my case, as explained to me by my counsel and as I have made observations, would not exceed $75,000.00 and as such, I am requesting that this matter be remanded back to the Jefferson Circuit Court with the understanding that should I receive a judgment in my favor, my recovery will be limited to $74,999.99;
>
> 4.      After being advised by my counsel of this, it is my decision to sue the Defendant in this matter for a total amount, including all court costs, attorney fees, and damages, not to exceed the above-mentioned $74,999.99. I'm only hoping to recover what I feel is due and owing to me[.]

(Docket No. 6-1, at 1.)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court . . . embracing the place where such action is pending." 28 U.S.C. §

1441(a). A federal district court has original diversity jurisdiction over an action between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a).

A defendant seeking removal bears the burden of proving, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). This standard, however, "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Id.* (quoting *Gafford*, 997 F.2d at 158). In determining whether a defendant has met its burden, the Court must look to the damages alleged at the time of removal. *Id.* at 573. Furthermore, the Sixth Circuit has expressly instructed: "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Id.* at 572 (alteration in original) (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

Thus, the Court is faced with two issues: (1) whether the amount in controversy exceeds $75,000, and (2) whether Gatlin's postremoval stipulation destroys the $75,000 amount-in-controversy requirement for § 1332 jurisdiction.

### A. Amount in controversy

The Court has addressed this first issue in a varied number of factual circumstances on multiple occasions. *See, e.g.*, *Winburn v. Metro. Direct Prop. & Cas. Ins. Co.*, 2007 WL 891865 (W.D. Ky. March 20, 2007); *Shofner v. Mid-America*

*Harborside Healthcare*, 2007 WL 433118 (W.D. Ky. Feb. 5, 2007); *Sparks v. Wal-Mart Stores, Inc.*, 2007 WL 101850 (W.D. Ky. Jan. 10, 2007). Despite the Court's familiarity with the issue, Congress recently amended the procedure for removing certain civil actions. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat 760, 762 (amending 28 U.S.C. § 1446). Of specific importance to the present case is the addition of 28 U.S.C. § 1446(c)(2).

As amended, § 1446 permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." § 1446(c)(2)(A)(ii). Removal from such a jurisdiction is proper upon the defendant's assertion of the amount in controversy "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in [28 U.S.C. § 1332(a)]." *Id.* § 1446(c)(2)(B). These recently enacted congressional amendments are applicable in the present case because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings. *See* Ky. R. Civ. P. 8.01(2), 54.03(2).

In her Complaint, Gatlin seeks damages for "economic and other losses," including "emotion damages, pain and suffering, financial loss, and security of a job that she enjoyed working at." (Docket No. 1-1, at 6-7.) She also appears to seek damages for physical injuries from "facial wounds" resulting from her alleged assault by Pool. (*See* Docket No. 1-1, at 6.) Gatlin additionally seeks punitive damages. (Docket No. 1-1, at 7.)

As for her financial-loss damages, Gatlin's last date of employment was June 25, 2013. (Docket No. 1-2, at 1.) According to the Declaration of J.W. Manning, a senior executive at Shoe Show, Gatlin earned, on average, $12.67 per hour in gross wages and worked approximately 15 hours per week. (Docket No. 1-2, at 2.) Had Gatlin remained employed from June 25, 2013, through the date of trial, which Shoe Show estimates as occurring roughly 18 months from the filing of its Notice of Removal, Gatlin would have earned between $13,000 and $15,000. The amount of Gatlin's emotional damages for pain and suffering and physical damages resulting from the alleged assault are less certain at this point.

However, considering that Gatlin seeks punitive damages, it becomes clear that the amount in controversy more likely than not is beyond $75,000. The Supreme Court has embraced a punitive-to-compensatory damages ratio near 4:1. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-26 (2003). Using a conservative estimate that Gatlin seeks $15,000 in compensatory damages, that 4:1 ratio would result in Gatlin being awarded $60,000 in punitive damages. That amount combined with the compensatory damages she seeks clearly meets the statutory threshold.

### B. Gatlin's affidavit and stipulation

In regard to the second issue—whether Gatlin's postremoval stipulation destroys the $75,000 amount-in-controversy requirement for § 1332 jurisdiction—this Court has noted on several recent occasions that postremoval stipulations reducing the amount in controversy below the jurisdictional threshold "are generally disfavored because '[i]f the plaintiff were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look

unfavorable.'" *Proctor v. Swifty Oil Co.*, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012) (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)); *see also Agri-Power, Inc. v. Majestic JC, LLC*, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013). Thus, as the Sixth Circuit advises, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872. However, where a state prevents a plaintiff from pleading a specific amount of damages—as is the case in Kentucky—and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such. *See, e.g.*, *Proctor*, 2012 WL 4593409, at *3. Accordingly, this Court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount greater than $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for § 1332 jurisdiction. *See, e.g.*, *Agri-Power*, 2013 WL 3280244, at *3-4; *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781-82(W.D. Ky. 2013). Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand." *Proctor*, 2012 WL 4593409, at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)).

Several recent decisions by this Court are helpful in determining whether Gatlin's stipulation here is sufficient to destroy jurisdiction. First, in *Egan v. Premier Scales & Systems*, the plaintiff executed an affidavit stating that she "will accept a sum of $74,990 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount." 237 F. Supp. 2d at 775. The Court found this statement

less than unequivocal, reasoning that the plaintiff failed to actually limit the amount of a potential judgment: "To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Id.* at 778.

By contrast, in *Van Etten v. Boston Scientific Corp.*, the plaintiff stated in his motion to remand that he "hereby certifies to the Court that he will not be making a claim nor pursuing damages in amount equal to or exceeding the sum of $75,000.00." 2009 WL 3485909, at *1 (W.D. Ky. Oct. 23, 2009). There, the Court found that: "[o]n its face, Plaintiff's statement leaves no doubt or out. As such, it does meet the Court's minimum requirement of being an unequivocal stipulation that he will seek less than $75,000 in damages in his complaint." *Id.*; *accord Spence*, 2013 WL 1163991, at *2 (finding unequivocal a plaintiff's stipulation that read: "Plaintiff expressly asserts . . . that Plaintiff will not seek <u>or accept</u> an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." (emphasis in original)). The Court reached the same result in *Agri-Power, Inc. v. Majestic JC, LLC*, it where the plaintiff stipulated that it "seeks to recover . . . $24,000.00 in compensatory damages, together with punitive damages not to exceed $24,000.00 [and] will not accept an award of damages that exceeds $50,000.00 in total, exclusive of interest and costs." 2013 WL 3280244, at *4. Applying *Egan*, *Van Etten*, and *Spence*, the Court concluded that a plain reading of the plaintiff's stipulation "leaves [him] little room to escape the bounds of his stipulated restrictions." *Id.*

Here, Gatlin states she moves for remand "with the understanding that should I receive a judgment in my favor, my recovery will be limited to $74,999.99." (Docket No. 6-1, at 1.) She further states, "it is my decision to sue the Defendant in this matter for a total amount, including all court costs, attorney fees, and damages, not to exceed

the above-mentioned $74,999.99." (Docket No. 6-1, at 1.) This language falls somewhere closer to the language in *Egan* than in *Spence*, *Van Etten*, or *Agri-Power*. Gatlin expresses her understanding that her recovery would be limited to $74,999.99 but fails to actually bind herself to a judgment not more than $75,000. Furthermroe, to merely state that she has decided to sue Shoe Show for $74,999.99 does not unequivocally limit her potential recovery. In sum, Gatlin's Affidavit fails to effectively stipulate that she will not ultimately seek damages exceeding $75,000 or that will not accept damages in excess of that amount. For this reason, her Motion to Remand will be DENIED.

## II. Shoe Show's Motion to Dismiss (Docket No. 5)

Shoe Show moves to dismiss Gatlin's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that, as a matter of law, she cannot maintain a claim against Shoe Show for negligent retention under these circumstances. (Docket No. 5.) Under Rule 12(b)(6), a complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Here, even presuming that all of the factual allegations in her Complaint are true, Gatlin cannot maintain her claim for negligent retention under Kentucky law. This Court and the Eastern District of Kentucky collectively have considered the precise issue before the Court on no less than four occasions in the past two years. In *Henn v. Pinnacle Publishing, LLC*, the Eastern District held:

> While Kentucky courts have recognized the tort of negligent hiring and retention, those cases involved suits by third parties against an employer whose employee caused harm to someone they did not employ. [The plaintiff] has cited no Kentucky cases which allow an employee to sue his own employer under a negligence theory for an alleged hostile work environment created by a coworker or supervisor. As a result, [his] negligence claim against the defendants will be dismissed.

2012 WL 6096670, at *3 (E.D. Ky. Dec. 7, 2012) (citations omitted) (referencing *Stalbosky v. Belew*, 205 F.3d 890 (6th Cir.2000); *Oakley v. Flor–Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. Ct. App. 1998)). In *Montell v. Diversified Clinical Services, Inc.*, the Eastern District reached the same conclusion: "[T]he defendants argue that under Kentucky law the tort of negligent hiring and retention is limited to claims against an employer whose employee caused harm to a third party, not another employee. . . . In short, the defendant's position is well-taken." 969 F. Supp. 2d 798, 816 (E.D. Ky. 2013) (applying *Henn*). Just last month, the Sixth Circuit affirmed this portion of the Eastern District's decision in *Montell*. *Montell v. Diversified Clinical Servs., Inc.*, Nos. 13-6186/6231, slip op. at 15, 2014 WL 2898525, at *10 (6th Cir. June 27, 2014). This Court followed suit in *Harris v. Burger King Corp.*, citing *Montell* to conclude that "this tort has only been applied in cases in which a third party sues an employer whose employee committed a tort." --- F. Supp. 2d ---, 2014 WL 68089, at *11 (W.D. Ky. Jan.

8, 2014). Even more recently, in *Grubbs v. Thermo Fisher Science*, the Eastern District again dismissed an employee's negligent retention claim against her employer, writing:

> Kentucky has indeed recognized and acknowledged the existence of claims of negligent training and supervision. The tort imposes liability on an employer who negligently supervises its employee. . . . There is no doubt that Plaintiff has pled facts to support [her negligent retention claim], yet <u>Plaintiff's claim still suffers a fatal flaw: an employee cannot sue her employer for negligent supervision or retention.</u>

2014 WL 1653761, at *2 (E.D. Ky. Apr. 23, 2014) (emphasis added) (citations omitted) (internal quotation marks omitted).

Here, as was the case in *Henn*, *Montell*, *Harris*, and *Grubbs*, Gatlin cannot maintain a negligent retention claim against Show Show, her former employer, based on the actions of Pool, her former coworker. Because Gatlin has not stated a viable negligent retention claim under Kentucky law, Show Show's Motion to Dismiss will be GRANTED.

## CONCLUSION

For the foregoing reasons, the Court will DENY Plaintiff Tammy Gatlin's Motion to Remand, (Docket No. 6), and GRANT Defendant Shoe Show, Inc.'s Motion to Dismiss, (Docket No. 5). An appropriate Order will issue concurrently with this Opinion.

Date:


cc: Counsel