UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00446-TBR

TAMMY GATLIN                                                                                    Plaintiff

v.

SHOE SHOW, INC.                                                                              Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff Tammy Gatlin's Motion for Reconsideration, (Docket #9) and Motion for Leave to enter the affidavit of Tammy Gatlin (Docket #10). Defendant Shoe Show, Inc. has responded. (Docket No. 11). Plaintiff has not replied. These matters now are ripe for adjudication. For the reasons that follow, Plaintiff's Motions will be DENIED.

### BACKGROUND

Plaintiff Tammy Gatlin alleges she was assaulted by a co-worker while working for Defendant Shoe Show, Inc. (Docket #1). Gatlin claims Shoe Show was negligent in hiring and retaining Savannah Pool, the co-worker who allegedly assaulted Gatlin.

Gatlin filed suit in Jefferson County Circuit Court. Shoe Show removed this case to federal court on the basis of diversity jurisdiction. (Docket #1). Gatlin filed a motion to remand and argued the amount in controversy did not exceed $75,000. (Docket #6). In support, Gatlin attached her affidavit which she purports limited her recovery to under $75,000, thereby

destroying diversity jurisdiction. This Court ruled that Gatlin's affidavit did not "unequivocally" limit her recovery and denied Gatlin's motion to remand. (Docket #7).

Shoe Show also filed a motion to dismiss Gatlin's negligent hiring and retention claim on the grounds that Kentucky does not allow an employee to bring this tort against her employer. (Docket #6). This Court granted Shoe Show's motion to dismiss. (Docket #7).

Gatlin has asked this Court to reconsider both rulings. (Docket #9). Gatlin has also requested leave to enter a second affidavit addressing the amount in controversy. (Docket #10).

STANDARD

A Rule 59(e) motion to alter or amend a judgment may be granted only if there was "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *ACLU of Ky. v. McCreary County*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

"A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered." *Foreman v. United States*, 2012 U.S. Dist. LEXIS 187012 *3 (W.D. Mich. 2012) (citing *Equal Emp't Opportunity Comm'n v. Argent Indus., Inc.*, 746 F. Supp. 705, 706 (S.D. Ohio 1989)). "Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before." *Id*. (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

DISCUSSION

**I.    Gatlin's second affidavit does not affect the amount-in-controversy requirement for diversity jurisdiction**.

A plaintiff may negate federal jurisdiction by stipulating that she will not seek nor accept more than $75,000.  *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002). To be effective, the limitation must be "unequivocal" and the stipulation must be the "first time" the plaintiff "provides specific information about the amount in controversy."  *Id*;  *Proctor v. Swifty Oil Co.*, 2012 U.S. Dist. LEXIS 141323 *9-10 (W.D. Ky. 2012) ("Where a plaintiff's post-removal stipulation states the amount in controversy for the first time, this district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such."). Any other "post-removal stipulation or affidavit" is considered a reduction in the amount in controversy and "does not require remand to the state court." (punctuation omitted)  *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476  (6th Cir. 2014) (unpublished) (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000)) ("If plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable").

This Court has previously ruled that Gatlin's affidavit did not "unequivocally limit her potential recovery" and therefore denied her motion to remand.  (Docket #7).  Gatlin now offers a second affidavit which she argues "crushed the amount in controversy requirement."  (Docket #9).  Whereas Gatlin's first affidavit did not destroy jurisdiction because it failed to unequivocally limit the amount in controversy, Gatlin's second affidavit fails because it is not "the first time" she has provided "specific information about the amount in controversy."  *Shupe*, 566 Fed. Appx. 476; see also *Rogers*, 230 F.3d at 873 (denying remand even though plaintiff

bound himself to accept no more than $75,000 because it was not the plaintiff's first statement on damages).

Additionally, Gatlin's second affidavit is ineffective to support her motion to reconsider because it is not "newly discovered evidence." *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Schellenberg v. Twp. of Bingham*, 436 Fed. Appx. 587, 598 (6th Cir. 2011) (unpublished) ("we find that Schellenberg's affidavit constituted an improper attempt to re-argue the merits of her case").

### II. Gatlin has offered no grounds for reconsidering the Court's dismissal of Gatlin's negligent hiring and retention claim.

Gatlin also requests this Court reconsider its ruling that Kentucky does not allow an employee to assert a negligent hiring or negligent retention claim against her employer.

This Court cited four recent cases which held that Kentucky does not allow an employee to assert a negligent hiring or retention claim against her employer. (Docket #7). Gatlin argues that Kentucky recognizes the tort of negligent hiring in other circumstances and requests that Gatlin be allowed to argue "for an extension, modification or reversal of existing law." (Docket #9).

Arguing for a change in the law is not valid grounds for a motion to reconsider. *ACLU of Ky. v. McCreary County*, 607 F.3d 439, 450 (6th Cir. 2010) (listing the four grounds for reconsideration: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice"); *Grant v. Target Corp.*, 2013 U.S. Dist. LEXIS 136652 *3 (S.D. Ohio, 2013) ("It is not ordinarily the function of a Rule 59(e) motion either to renew arguments already considered and rejected by a court or to proffer a new legal theory . . . . If a party disagrees with the Court's decision on a legal issue, its proper

recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit.") (citation and punctuation omitted).

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (Docket #9) and motion for leave to enter an affidavit (Docket #10) is DENIED.

cc: Counsel